FILED & JUDGMENT ENTERED
Steven T. Salata

December 9 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 14-30508 |
| Howard M. Duvall, III ) | Chapter 7 |
| ) | |
| Debtor. ) | |

## ORDER ALLOWING TRUSTEE'S MOTION TO ABANDON

**THIS MATTER** came before the Court on the trustee's motion to abandon interests in three LLCs owned by the debtor prior to bankruptcy and the debtor's objection thereto. A hearing was held on November 28, 2016. The parties seem to agree on the salient facts, leaving one issue to be resolved: whether a trustee may abandon a worthless asset of the estate when doing so would shift a tax liability associated with that asset from the estate onto the debtor, potentially burdening the debtor's fresh start.

The debtor is a real estate developer who owned interests in multiple LLCs and other business entities at the time he filed his petition. The debtor's schedules indicate that two of the LLCs currently at issue had debts exceeding assets. The third LLC was not scheduled or disclosed on debtor's petition. Like the others, it has no value.

The trustee learned of the undisclosed LLC on the day he was preparing to mail dividend checks to creditors when he received three K-1 statements for the 2015 tax year

1

showing that the debtor owned in interest in three LLCs.[1]  Additionally, the K-1s showed that the debtor owed a substantial tax liability as a result of his ownership of the LLCs.

The tax liability arose as a result of recaptured pass through losses from the LLCs the debtor claimed on his personal tax returns prior to bankruptcy.  The trustee estimated that these losses amounted to more than $11,000,000 from 1984 through 2014.  After the petition date, one of the LLCs sold a building in uptown Charlotte for $41,817,984 triggering a tax liability for prior claimed losses.[2]  According to the trustee, the debtor's share of these recaptured losses will give rise to an administrative tax claim owed by the estate for $1,025,498.

Because the LLCs are of inconsequential value (as admitted in debtor's schedules), the trustee seeks to abandon whatever interest the estate holds in the LLCs to avoid the tax liability to the estate.  The debtor objects and argues "[i]f the tax liability is forced upon the Debtor, the Debtor will effectively have no 'fresh start.' "  This argument has been rejected by the majority of courts to consider the issue.

Title to abandoned property " 'reverts to the bankrupt, *nunc pro tunc*, so that he is treated as having owned it continuously.' "  *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 791 (D.C. Cir. 2010)(citation omitted).  A trustee may "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

---

[1] Due to a pre-bankruptcy arbitration award in state court, the debtor had no operational authority in one of the LLCs.

[2] The 2011 arbitration award also resulted in a note payable (as classified by the debtor) in favor of the debtor for $500,000 contingent on the sale of the building.  The trustee collected on this note post petition pursuant to a Court approved settlement.  [Docs. 16 and 24]  The debtor makes very little of this payment and nothing of its potential effect on abandonment.  The debtor takes issue only with the burden the tax liability will have on his fresh start.

"Impact on the debtor is not listed as one of the factors to be considered in authorizing abandonment, which suggests that impact on the debtor is not a necessary consideration." *In re Johnston*, 49 F.3d 538, 541 (9th Cir. 1995) (overruling an objection to abandonment when a tax burden would be shifted to the debtor and thus "burden the debtor's fresh start"). Meaning, a trustee may abandon burdensome property or property that is of inconsequential value and benefit to the estate regardless of the tax liability that will be thrust upon the debtor. *See In re Terjen*, 154 B.R. 456, 458 (E.D. Va. 1993) ("She further contends [abandonment] was improper because the effect of the divestment was to shift tax liability to [the debtor]. These arguments are without merit. [The debtor] has cited no authority to support the latter proposition, and it is well settled that a trustee has discretion to abandon property in the best interests of the estate."), *aff'd*, 30 F.3d 131 (4th Cir. 1994); *In re Barker*, 301 B.R. 892, 897 (Bankr. D. Colo. 2003) ("So, the question boils down to whether the extraordinary burden which the Debtor's [sic] will suffer if the property is abandoned provides a justification for this Court to ignore the clear language and intent of the § 554. The Court thinks not."); *In re Miles*, No. 09-92601-MHM, 2012 WL 1298063, at *2 (Bankr. N.D. Ga. Apr. 2, 2012) ("Given the facts shown and the present posture of this case, the possible shifting of tax consequences from the estate is not a compelling consideration in determining whether Trustee may abandon property of the estate."); 5 COLLIER ON BANKRUPTCY ¶ 554.02[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) [hereinafter COLLIER] ("However, abandonment of property that is of inconsequential value and benefit to the estate is proper without regard to the tax consequences to the debtor."); 11 COLLIER ¶ TX2.06[2] ("A number of courts dealing with the abandonment issue have recognized the conflict between two—well established

3

bankruptcy goals, *viz*, enabling the debtor to obtain a 'fresh start' and maximizing the distribution to creditors. To date, most courts have concluded that a timely abandonment is effective to shift the tax liability away from the bankruptcy estate. The courts have often been sympathetic to the plight of the debtor but have felt that it is up to Congress to change the result.").

Because the interests the trustee seeks to abandon are of inconsequential value and burdensome to the estate, the trustee's motion must be allowed.

**SO ORDERED.**

**This Order has been signed electronically.**  **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**